Lucas Buckley, Wyo. Bar #6-3997
Lee R. Dickinson, Wyo. Bar #7-5205
Hathaway & Kunz, LLP
2515 Warren Ave. Ste 500
Cheyenne, WY 82001
Phone:  307-634-7723
Fax:  307-634-0985
lbuckley@hkwyolaw.com
ldickinson@hkwyolaw.com

Lucy Jewett Wheatley (*pro hac vice app. forthcoming*)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219
Telephone: (804) 775-1000
Facsimile: (804) 698-1061
lwheatley@mcguirewoods.com

ATTORNEYS FOR PLAINTIFF LIBERTAS FUNDING LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| LIBERTAS FUNDING, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>LIBERTAS TECHNOLOGIES INC.,<br><br>   Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT**<br><br>**(JURY TRIAL DEMANDED)** |

### COMPLAINT

Plaintiff Libertas Funding LLC ("Libertas") brings this action against Defendant Libertas Technologies Inc. (collectively, the "Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for trademark infringement in violation of the Lanham Act, 15

U.S.C. § 1051 et seq. and Wyoming common law.

2. This action results from Defendant's unauthorized and willful misappropriation of Libertas's trademarks for Defendant's services, thus causing harm to Libertas and to individuals in the State of Wyoming and this District.

3. Through this action, Libertas now seeks relief and damages arising from Defendant's ongoing infringement of Libertas's trademarks in the United States.

## THE PARTIES

4. Plaintiff Libertas LLC is a limited liability company organized under the laws of Connecticut, with its principal place of business at 382 Greenwich Avenue, Suite #2, Greenwich, CT 06830.  Libertas has used its LIBERTAS mark since at least June 30, 2016.  Libertas is the owner of U.S. Trademark Applications Nos. 90/774,744, 90/556,084 and 90/595,955 for the marks LIBERTAS (stylized design) and LIBERTAS FUNDING.  The U.S. applications, together with Libertas's extensive U.S. common law rights in its LIBERTAS mark, are hereinafter referred to as the "LIBERTAS Marks."

5. Defendant Libertas Technologies Inc. is a Wyoming company with its registered place of business at 30 N Gould St. Suite B, Sheridan, WY 82801.

6. Defendant, without authority, consent, right or license, and in violation of Libertas's trademark rights, has and continues to advertise, market, sell, and/or offer for sale, services through its "Libertas Funding Portal" website and "Libertas Capital Partners" brand, which is confusingly similar to Libertas's Marks and name.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Libertas's federal claims pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a).  This Court has

supplemental jurisdiction over Libertas's state law claims pursuant to 28 U.S.C. § 1367 because these claims are joined with substantial and related claims under the trademark laws of the United States, and they are so related to claims in this action within such original jurisdiction that they form part of the same case or controversy or derive from a common nucleus of operative facts. This Court also has diversity jurisdiction over Libertas's claims pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy in the aggregate is in excess of $75,000, exclusive of interest and costs.

8. This Court has personal jurisdiction over Defendant because Defendant is incorporated in the State of Wyoming. Furthermore, this Court has personal jurisdiction over Defendant, who, on information and belief has and continues to solicit, transact, and do business in the State of Wyoming and this District has and continues to wrongfully cause injury to Libertas in the State of Wyoming and this District. In particular, without limitation, Defendant has registered and maintained a business in the State of Wyoming through which it continues to promote, advertise, market, sell, and/or offer to sell services under the names Libertas Capital Partners and Libertas Funding Portal to Wyomingites and within the State of Wyoming and this District, including through the websites www.libertasfundingportal.com and www.libertascapitalpartners.com. Therefore, Defendant can reasonably anticipate being haled into court in Wyoming.

9. Venue is proper in the District of Wyoming pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District, Defendant has committed tortious acts of infringement in this District, has engaged in activities that subject them to jurisdiction in this Court, and the Defendant are incorporated in this District. Finally, because Defendant is subject to personal jurisdiction in this District, venue is proper in this District.

## LIBERTAS' HISTORY AND ITS LIBERTAS MARKS

10. Libertas was founded in 2016.

11. Libertas provides fast, flexible financial solutions designed to help small to medium-sized businesses bridge the gap between financial challenges and opportunities for growth.

12. Libertas has used LIBERTAS and LIBERTAS FUNDING in connection with financial services, including providing venture capital, development capital, merchant financing, private equity and investment funding, since at least as early as June 2016.

13. As a result of its long-standing and continuous nationwide and widespread use, Libertas owns extensive common law rights in the LIBERTAS Marks in connection with financial services, including venture capital and investment funding.

14. In addition to its strong common law rights in the LIBERTAS Marks, Libertas is the owner of trademark applications incorporating the LIBERTAS Mark.  Libertas's U.S. trademark applications, include:

- U.S. Application No. 90/774,744 for the stylized mark LIBERTAS for "Providing venture capital, development capital, merchant financing, private equity and investment funding" in Class 36.

- U.S. Application No. 90/556,084 for the mark LIBERTAS FUNDING for "Providing venture capital, development capital, merchant financing, private equity and investment funding" in Class 36.

- U.S. Application No. 90/595,955 for the stylized mark LIBERTAS FUNDING for "Providing venture capital, development capital, merchant financing, private equity and investment funding" in Class 36.

15. In addition, Libertas has a significant presence on the Internet through its website located at the domain name, www.libertasfunding.com, which has been registered since May 31, 2016. Libertas's use of the LIBERTAS Marks on its website and in its domain name reinforces the importance of the LIBERTAS brand to Libertas and strengthens the consuming public's recognition of the LIBERTAS brand.

16. Libertas uses its LIBERTAS Marks in advertising and marketing materials on a nationwide basis through various media. Libertas has invested a substantial amount of time and money in advertising and promoting its services under the LIBERTAS Marks.

## DEFENDANT'S INFRINGING ACTIVITY

17. On November 15, 2020, Defendant registered the domain www.libertascapitalpartners.com.

18. On December 13, 2020, Defendant filed U.S. trademark application no. 90/378,114 for LIBERTAS CAPITAL PARTNERS for "Consulting and advisory services in the field of business organization, operations, management and financing" in class 35.

19. On that same day, Defendant filed U.S. trademark application no. 90/378,106 for LIBERTAS FUNDING PORTAL for "A. Business intermediary services relating to the matching of investors to businesses seeking investments. B. Providing a website that features: an online market for users to list investment opportunities in private companies; startup and small and emerging business information in the form of audio and video interviews and presentations, articles, and other educational materials; and, the promotion of businesses" in class 35.

20. Also on December 13, 2020, Defendant registered the domain www.libertasfundingportal.com.

21. Upon information and belief, Defendant did not adopt the mark LIBERTAS

FUNDING PORTAL in the United States until, at the earliest, November 2020.

22. Upon information and belief, Defendant did not adopt the mark LIBERTAS CAPITAL PARTNERS in the United States until, at the earliest, April 2020.

23. The marks LIBERTAS CAPITAL PARTNERS and LIBERTAS FUNDING PORTAL are collectively referred to herein as "Defendant's Marks."

24. Defendant uses Defendant's Marks in the United States to offer financial services, including assistance with debt financing and securing venture capital.

25. Defendant's Marks incorporate Libertas's LIBERTAS Marks in their entirety. Indeed, Defendant merely appended "Capital Partners," to the end of Libertas' LIBERTAS Mark. Likewise, Defendant merely appended "Portal" to the end of Libertas' LIBERTAS FUNDING Mark. As such, the commercial use of Defendant's Marks in connection with the services set forth in Defendant's U.S. Applications and shown on Defendant's websites, is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Libertas or as to the origin, sponsorship, or approval of Defendant's goods and services by Libertas.

26. The similarity between Libertas' LIBERTAS Marks, and Defendant's Marks is undeniable, as shown in the images below:

| Libertas' LIBERTAS Mark | Defendant's Marks |
|---|---|
| LIBERTAS | Libertas™ CAPITAL PARTNERS |
| LIBERTAS FUNDING | Libertas™ FUNDING PORTAL |

27. Libertas never authorized, licensed, or otherwise permitted Defendant to use the LIBERTAS Marks, or any confusingly similar variation thereof, in connection with its goods or services.

28. On March 8, 2021, Libertas notified Defendant in writing of Libertas' prior rights in LIBERTAS in connection with financial services, and asked Defendant to cease its infringement. Defendant refused to cease using LIBERTAS, advised that they would continue to use LIBERTAS, and has continued to infringe Libertas' rights.

29. Upon information and belief, Defendant's continued conduct as complained of herein causes damage and irreparable injury to Libertas and to its goodwill and business reputation. Upon information and belief, as a direct and proximate result of Defendant's acts, Libertas has suffered, and will continue to suffer, irreparable harm, damages, and economic injury.

30. Libertas has no adequate remedy at law, and Defendant has proven that unless it is restrained and enjoined by the Court, it will continue to engage in its infringing conduct as described herein, causing damage and irreparable injury to Libertas, including damage to Libertas' goodwill and business reputation.

## COUNT I

**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**LANHAM ACT (15 U.S.C. § 1125)**

31. Libertas hereby incorporates by reference paragraphs 1-31 as though expressly stated herein.

32. Defendant's actions constitute use of terms, names, symbols, and devices, and use of false designations of origin, all of which are likely to cause confusion, mistake, or deception as to the source of origin of the goods provided by Defendant, in that customers and potential customers are likely to believe that such goods are provided by, sponsored by, approved by,

licensed by, affiliated or associated with, or in some other way legitimately connected to Libertas.

33. Defendant's actions are likely to cause confusion, mistake, or deception, in that customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between the services provided by Defendant and Libertas, when there is no such relationship.

34. The likely confusion, mistake, or deception caused by Defendants is willful and is in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT II

### CYBERSQUATTING UNDER THE LANHAM ACT (15 U.S.C. § 1125(d))

35. Plaintiff Libertas hereby incorporates by reference paragraphs 1-35 as though expressly stated herein.

36. Upon information and belief, Defendants registered <libertascapitalpartners.com> and <libertasfunding.com> ("Defendant's Domains"), which are confusingly similar to the LIBERTAS Marks, with a bad faith intent to profit from the goodwill and reputation of Libertas.

37. Defendant's Domains also infringe Libertas' trademark rights and create a likelihood of confusion with the LIBERTAS Marks.

38. The LIBERTAS Marks were distinctive and well-known at the time Defendant registered Defendant's Domains.

39. Due to Defendant's bad faith registration of Defendant's Domains, Libertas is entitled to statutory damages of not less than $1,000 and not more than $100,000 per domain name.

## COUNT III

## TRADEMARK INFRINGEMENT UNDER WYOMING COMMON LAW

40. Plaintiff Libertas hereby incorporates by reference paragraphs 1-40 as though expressly stated herein.

41. Defendant's unauthorized and infringing use of the LIBERTAS Marks, as alleged herein, is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendant's services by Libertas. The consuming public and the trade are likely to believe that Defendant's services originate with Libertas, are licensed, sponsored, or approved by Libertas, or are in some way connected with or are related to Libertas, when they are not.

42. By the acts described above, Defendant has engaged in trademark infringement in violation of the common law of the State of Wyoming.

43. These acts have caused and will continue to cause, unless restrained by this Court, serious and irreparable injury to Libertas, for which Libertas has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Libertas prays that this Court enter a judgment and order:

1. That Defendant committed acts of trademark infringement, unfair competition, false designation of origin, and cybersquatting in violation of the Lanham Act and Wyoming common law;

2. That Defendant, its officers, directors, agents, servants, employees, affiliates, successors, shareholders, assigns, and attorneys, as well as all those in active concert or participation with it, be preliminarily and permanently enjoined and restrained from:

   a. Using the LIBERTAS Marks or any mark confusingly similar thereto, including but not limited to Defendant's Marks;

    b. Registering, transferring, selling, owning, or exercising control over any domain name that incorporates, in whole or in part, the LIBERTAS Marks or is confusingly similar to the LIBERTAS Marks;

    c. Doing any other act or thing calculated or likely to induce or cause confusion or the mistaken belief that Defendant is in any way affiliated, connected, or associated with Libertas or its goods or services;

    d. Licensing or authorizing others to use the LIBERTAS Marks, or any confusingly similar title, name, or mark;

    e. Injuring Libertas's business reputation and the goodwill associated with Libertas's LIBERTAS Marks, and from otherwise unfairly competing with Libertas in any manner whatsoever;

    f. Passing off Defendant's services as those of Libertas; and,

3. That Defendant be ordered to transfer to Libertas ownership of the domain names [www.libertascaptialpartners.com](www.libertascaptialpartners.com), [www.libertasfundingportal.com](www.libertasfundingportal.com), and any other domain name incorporating, in whole or in part, the LIBERTAS Marks, and owned or under the control of Defendant or its officers, directors, agents  servants, employees   affiliates, successors, shareholders, assigns, attorneys, or those in active concert or participation with them, and otherwise disable access to the domains prior to any transfer.

4. Requiring that Defendant, within thirty (30) days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon Libertas' counsel a written report under oath setting forth details of the manner in which Defendants have complied with the Court's order.

5. Requiring Defendant to account and pay over to Libertas all damages sustained by

10

Libertas as a result of Defendant's willful infringement and unfair competition, including Libertas' actual damages, disgorgement of Defendant's profits, Libertas' attorney's fees and costs, and ordering that the amount of damages awarded Libertas be increased three times the amount thereof pursuant to 15 U.S.C. §§ 1117(a) and 1125.

6. Ordering that Libertas recover the costs of this action, together with reasonable attorney's fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

7. Ordering that Libertas be awarded statutory damages of up to $100,000 per domain pursuant to 15 U.S.C. § 1117(d) for Defendants' bad faith registration of Defendant's Domains.

8. This Court grant Libertas such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff Libertas Funding LLC demands a trial by jury on all issues that may be so tried.

12

**DATED** this 17th day of June, 2021.

                                                  LIBERTAS FUNDING LLC,
                                                 PLAINTIFF

                                                 By: */s/ Lucas Buckley*
                                                 Lucas Buckley, Wyo. Bar #6-3997
                                                 Lee R. Dickinson, Wyo. Bar #7-5205
                                                 Hathaway & Kunz, LLP
                                                 2515 Warren Ave. Ste 500
                                                 P.O. Box 1208
                                                 Cheyenne, WY 82003
                                                 Phone: 307-634-7723
                                                 Fax: 307-634-0985

                                               */s/Lucy Jewett Wheatley*
                                                 Lucy Jewett Wheatley (pro hac vice app. forthcoming)
                                                 lwheatley@mcguirewoods.com
                                                 MCGUIREWOODS LLP
                                                 Gateway Plaza
                                                 800 East Canal Street
                                                 Richmond, Virginia 23219
                                                 Telephone: (804) 775-1000
                                                 Facsimile: (804) 698-1061

                                                 ATTORNEYS FOR PLAINTIFF